**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION  II**

| | |
|---|---|
| STATE OF WASHINGTON, | No.  57034-3-II |
| Respondent, | |
| v. | |
| DANNY ALLEN WING, | UNPUBLISHED OPINION |
| Appellant. | |

PRICE, J. — Danny A. Wing appeals the legal financial obligations (LFOs) imposed as part of his sentence following his 2008 guilty plea to multiple offenses.  We decline to consider the issue under RAP 2.5(a).  Accordingly, we affirm.

FACTS

In November 2008, the State charged Wing with multiple counts of felony violation of a no-contact order—domestic violence (VNCO—DV), hit and run—DV, attempting to elude a pursuing police vehicle, reckless driving, and reckless endangerment—DV.  On December 31, 2008, Wing pleaded guilty to an amended information charging him with two counts of felony VNCO-DV, hit and run—DV, attempting to elude a pursuing police vehicle, and reckless driving.  As part of Wing's sentence, the superior court imposed various LFOs.  There was no discussion of LFOs during Wing's sentencing.

Between November 2015 and March 2016, Wing filed numerous motions to modify or terminate his LFOs. On May 5, 2016, the superior court denied a motion to terminate the LFOs but waived the remaining balance owed for attorney fees and fines.

By March 2021, Wing had finished paying the principal amount of his LFOs, so he sought to have any accrued interest waived by filing another motion to reduce or waive his LFOs. The superior court found that Wing had paid the principal balance of his LFOs in full and waived all non-restitution interest accrued before June 7, 2018. On July 20, 2021, the Clark County Superior Court Clerk certified that Wing's judgment was satisfied.

On June 2, 2022, Wing filed a notice of appeal designating his 2008 judgment and sentence. A commissioner of this court ruled that the late notice of appeal would be accepted but limited Wing's appeal to only the sentence imposed. Ruling on Mot. (July 14, 2022).[1]

ANALYSIS

Wing appeals the imposition of LFOs, arguing that the superior court failed to conduct an individualized inquiry into his ability to pay LFOs as required by *State v. Blazina*, 182 Wn.2d 827, 344 P.3d 680 (2015). The State argues that we should decline to consider Wing's challenge to his LFOs under RAP 2.5. We agree with the State and decline to consider Wing's challenge to the imposition of LFOs in his 2008 judgment and sentence.

---

[1] We note that the State did not file a motion to modify the Commissioner's ruling accepting the late notice of appeal. *See* RAP 17.7 ("An aggrieved person may object to a ruling of a commissioner . . . only by a motion to modify the ruling directed to the judges of the court served by the commissioner. . . . not later than 30 days after the ruling is filed."). Accordingly, we do not address the propriety of appealing a nearly 15 year old judgment and sentence when the judgment has been fully satisfied.

Under RAP 2.5(a), we "may refuse to review any claim of error which was not raised in the trial court." Although RAP 2.5(a) contains three exceptions, none of those exceptions apply to unpreserved LFO errors. *See* RAP 2.5(a)(1)-(3) ("[A] party may raise the following claimed errors for the first time in the appellate court: (1) lack of trial court jurisdiction, (2) failure to establish facts upon which relief can be granted, and (3) manifest error affecting a constitutional right."). Further, unpreserved LFO errors are not the type of sentencing errors that requires review as a matter of right. *State v. Blazina*, 182 Wn.2d at 833-34.

Wing clearly did not raise any issues regarding LFOs at the time of sentencing. Therefore, this issue is being raised for the first time on appeal, which allows us to decline its consideration. Also, Wing fails to address waiver and offers no compelling justification for us to exercise our discretion to review the imposition of LFOs at his 2008 sentencing.[2]

Wing's judgment and sentence has been final for almost 15 years and Wing's LFOs have been paid in full. Under these circumstances, we exercise our discretion and decline to consider Wing's challenge to the LFOs imposed as part of his 2008 judgment and sentence.

We affirm.

---

[2] In his reply brief, Wing argues that we could review the issues related to LFOs through ineffective assistance of counsel. However, issues raised for the first time in a reply brief are too late to warrant consideration. *Cowiche Canyon Conservancy*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992). Therefore, we do not consider Wing's argument regarding ineffective assistance of counsel.

No. 57034-3-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

LEE, P.J.

CHE, J.